## HILL v. EVANS et al.

Court of Appeals of Kentucky.

June 5, 1953.

· T. A. Noe, Jr., Russellville, for appellant.

James C. Lyne, W. O. Bilyeu and O. M. Smith, Russellville, for appellee.

DUNCAN, Justice.

The lower court directed a verdict for appellees in an action in which the appellant sought damages for libel. In this Court, a number of grounds are urged for reversal, but we shall consider only such questions as are determinative of the appeal.

In 1949, the appellant, J. A. Hill, was judge of the Russellville Police Court and operated a garage in that city. The mayor of Russellville at that time was W. B. Hill, a brother of appellant. Sometime during that year, the exact time not being shown or material, appellant procured from his brother a city fire hose and hydrant wrench, by the use of which water from the city's fire hydrant was used in washing off the streets and premises surrounding the garage. In 1950, a new city administration came into office, with appellee, Taylor Fuqua, as mayor, and appellee, R. M. Taylor, as chief of police. Upon learning that appellant had city hose and the hydrant wrench, the mayor sent a policeman to recover them and request appellant to come to the City Hall and pay for the water he had used.

The appellee, Mrs. Ailene Evans, and her children, Mrs. Dorothy Evans Knotts, Virginia Belle Evans, and Byrne A. Evans, Jr., were the owners and publishers of The News Democrat, a weekly newspaper, published at Russellville. R. M. Taylor, chief of police, delivered to the publishers, along with other city news items, the following, which was published in the issue of June 16, 1950:

> "Charges were preferred against J. A. Hill for using city water from a fire-plug with four inch hose."

The policeman who was sent for them obtained the fire hose and wrench and returned them to the possession of the city. The following week, the chief of police again delivered to The News Democrat certain news items affecting the city, in-

cluding the following, which was published in the issue of June 23, 1950:

"An agreement was made by Judge J. A. Hill to turn in the fire hose and plug wrench and pay for city water used."

On July 5, 1950, appellant instituted the present action against the publishers of The News Democrat, the mayor and chief of police, seeking to recover $50,000 for damages to his general reputation and standing. No special damages were alleged.

■ Generally, defamatory words written or spoken of another are divided into two classes in determining the extent to which they are actionable. Words may be actionable per se, or per quod. In the former class, damages are presumed and the person defamed may recover without allegation or proof of special damages. In the latter class, recovery may be sustained only upon an allegation and proof of special damages. In this case, there is no allegation of special damages, and unless the publication may be considered as actionable per se, the court properly directed a verdict for appellees.

■ As a general rule, words are regarded as actionable per se only when they charge or impute: (1) the commission of a crime involving moral turpitude; (2) affliction with an infectious disease likely to exclude the accused from society; (3) unfitness to perform the duties of an office, occupation or employment, or having a tendency to prejudice a person in his trade, calling, or profession; or (4) acts which might tend to disinherit the person charged. Some courts, including some early opinions of this Court, have recognized a distinction between spoken words and those which are written or printed. Because of their wider dissemination and the possibility of more lasting harm, it has been indicated that written words will not be so strictly construed in determining whether or not they are actionable per se. The distinction has been criticized by more recent authority, and in American Law Institute, restatement of the Law of Torts, historical note to section 568, it is said:

"For two centuries and a half the common law has treated the tort of defamation in two different ways on a basis of mere form. Yet no respectable authority has ever attempted to justify the distinction on principle; * * *. This anomalous and unique distinction is in fact a survival of historical exigencies in the development of the common law jurisdiction."

It is not necessary to decide at this time whether or not there is a reasonable basis for continuing to recognize the distinction. For the purposes of this appeal, we may assume that written words are not subject to the strict interpretation accorded spoken words, thereby treating as actionable per se an additional class which would include any words which subject the accused to public disgrace, ridicule, odium, or contempt.

Appellant insists that the two articles in effect charged him with a violation of KRS. 433.521, which is a criminal offense. This section so far as pertinent provides:.

"Any person who, without the consent of a person engaged in the manufacture or distribution of water, electricity or gas, artificial, natural or mixed, unlawfully converts to his own use from any wire or pipes of such person any water, electric current or gas, * * * shall be fined not less than fifty dollars nor more than five hundred dollars, or imprisoned for not less than three months nor more than twelve months, or both so fined and imprisoned."

■ We do not think the published articles are sufficient to charge appellant with a violation of the statute. They do not charge or fairly impute an unlawful conversion of the city's water. The plain and popular sense of the words is merely that the city claimed that appellant had used the water without stealth, openly and in full sight of the public, and that he ought to pay for it. Neither do we think that the charges are of such a grave nature as to subject appellant to public disgrace, ridicule, odium, or contempt. Words should

be taken neither in their milder nor in their more grievous sense. They should not be tortured into a charge of guilt nor require explanation to import innocence.

From what we have said, it follows that the articles which were made the basis of appellant's cause of action are not within the class which may be treated as actionable per se. There being no allegation and proof of special damages, the court properly directed a verdict for the appellees. This conclusion makes it unnecessary to discuss or decide the numerous other questions which are raised in appellant's brief.

The judgment is affirmed.